**HARLAN FUEL COMPANY et al.,**
**Plaintiffs,**

v.

**UNITED STATES of America et al.,**
**Defendants.**

**Civ. A. No. 1697.**

United States District Court,
E. D. Kentucky.

Jan. 26, 1970.

Homer S. Carpenter of Rice, Carraway & Carpenter, William M. Maddox, Washington, D. C., Rudy Yessin of Smith, Reed, Yessin & Davis, Frankfort, Ky., for plaintiffs.

Donald F. Turner, Asst. Atty. Gen., John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., Robert W. Ginnane, Gen. Counsel, Manny H. Smith, Atty., Interstate Commerce Comm., Washington, D. C., for defendants.

George M. Catlett, Frankfort, Ky., Bryce Rea, Jr., Charles A. Moran, Jr., Washington, D. C., for intervening plaintiff.

Louis Cox of Hazelrigg & Cox, Frankfort, Ky., Richard J. Flynn, David J. Boyd, Sidley & Austin, Henry J. Karison, Washington, D. C., Harry N. Babcock, John W. Hanifin, Cleveland, Ohio, Porter M. Gray, Gray, Woods & Cooper, Ashland, Ky., James W. Hoeland, Elbert R. Leigh, Joseph E. Stopher, Louisville, Ky., Donald M. Tolmie, Roanoke, Va., for intervening defendants.

Before COMBS, Circuit Judge, and SWINFORD and MOYNAHAN, District Judges.

## ORDER

PER CURIAM.

We are asked by plaintiffs to annul and set aside an order of the Interstate Commerce Commission entered in Docket No. 34099, Bituminous Coal, Tenn., Ky. & Va. to N. C., Tenn. & Va., and Docket No. 34181, Evans Elkhorn Coal Corporation et al. v. Brimstone Railroad Company et al. The Commission's order is reported at 325 I.C.C. 548 (1965). Plaintiffs Harlan Fuel Company and Evans Elkhorn Coal Corporation are coal mine operating companies; plaintiff Property Owners' Committee is an association of operating companies and coal land owners. U. S. Plywood-Champion Papers, Inc., a receiver of coal at Canton, North Carolina, has intervened as a plaintiff. Louisville and Nashville Railroad Company; Chesapeake and Ohio Railway Company; Southern Railway Company; Carolina, Clinchfield and Ohio Railway Company; and Norfolk and Western Railway Company have intervened as defendants.

Southern, by schedules filed to become effective in July, 1962, proposed to establish reduced rates for the carriage of bituminous fine coal from mines on its lines in Kentucky, Virginia, and Tennessee to Enka and Canton, North Carolina and certain intermediate points.

Docket No. 34099 originated as an investigation by the Commission after protests were filed challenging Southern's proposed rates. Docket No. 34181 involved a complaint filed by plaintiffs seeking proportionate reductions in joint rates to these same destinations from mines in Harlan County, Kentucky, served by L & N and from mines in the Big Sandy region of Kentucky served by C & O.

The Commission found that Southern's reduced rates were reasonable and otherwise lawful and directed that the investigation previously initiated by it be discontinued. It further ordered that plaintiffs' complaint be dismissed, holding that the existing joint rates are reasonable and otherwise lawful and that the carriers' refusal to join in reduced joint rates from Harlan County and the Big Sandy area is not unjustly discriminatory or otherwise unlawful.

■■ The scope of judicial review of an Interstate Commerce Commission order is limited to ascertaining whether there is warrant in the law and the facts for what the Commission has done. A reviewing court may not inquire as to the wisdom of the Commission's decision or substitute its conclusions for those which the Commission has fairly found from the evidence. The court is limited to determining whether the Commission's findings are supported by substantial evidence and its decision within the bounds of its statutory discretion. Illinois Central Railroad Co. et al. v. Norfolk & Western Railway Co. et al., 385 U.S. 57, 87 S.Ct. 255, 17 L.Ed.2d 162 (1966); Board of Trade of Kansas City, Mo. v. United States, 314 U.S. 534, 62 S.Ct. 366, 86 L.Ed. 432 (1942).

■ Upon consideration, we are of the opinion the Commission has acted within the limits of its statutory discretion and that there is substantial evidence to support the Commission's findings. The order appealed from is sustained and the complaints are dismissed.